J-S05008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID ANTHONY SANTIA JR. :
:
Appellant : No. 972 WDA 2022

Appeal from the Judgment of Sentence Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002926-2021,
CP-25-CR-0003000-2021, CP-25-CR-0003094-2021,
CP-25-CR-0003095-2021, CP-25-CR-0003096-2021,
CP-25-CR-0003195-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED:  April 20, 2023**

Appellant, David Anthony Santia Jr., appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 31 to 62 months' incarceration, imposed after he pled guilty, in six separate cases, to theft by deception, 18 Pa.C.S. § 3922(a)(1), forgery, 18 Pa.C.S. § 4101(a)(1), deceptive or fraudulent business practices, 18 Pa.C.S. § 4107(a)(2), and identity theft, 18 Pa.C.S. § 4120(a).  On appeal, Appellant wishes to challenge the discretionary aspects of his sentence.  Additionally, his counsel, Tina M. Fryling, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we remand for Appellant to file corrected notices of appeal.

At this juncture, we need not set forth the facts of Appellant's underlying convictions. We only note that he pled guilty to the above-stated offenses and was sentenced to the aggregate term set forth *supra* on March 7, 2022. He did not file any post-sentence motion or direct appeal. On May 25, 2022, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights *nunc pro tunc*. On August 9, 2022, the court issued an order granting that petition and stating that Appellant could file notices of appeal, *nunc pro tunc*, from his judgment of sentence.

On August 22, 2022, Appellant timely filed a single notice of appeal listing all six docket numbers of his underlying cases, in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that the filing of a single notice of appeal from an order involving more than one docket will no longer be tolerated; such practice violates Pa.R.A.P. 341, which requires the filing of separate appeals from an order that resolves issues arising on more than one docket; and the failure to file separate appeals generally requires the appellate court to quash). However, in **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), our Supreme Court expressly overruled the pronouncement in **Walker** that the failure to file separate notices of appeal in connection with issues arising at more than one docket necessarily requires this Court to quash the appeal. The **Young** Court held that "where a timely appeal is erroneously filed at only one docket,

[Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate." *Id.* at 477.

Here, Appellant filed a timely notice of appeal. Accordingly, although he failed to comply with *Walker*, we need not quash his appeal at this time. Instead, we remand for Appellant to file separate notices of appeal at each of the docket numbers for his six underlying cases within fourteen days of the date of this memorandum. Appellant's failure to do so shall result in quashal of this appeal. Upon the trial court's certifications that the notices have been filed as part of supplemental records, we shall proceed to addressing the merits of the appeals.

Case remanded with instructions. Panel jurisdiction retained.